UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-CR-20858-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DANFI GONZALEZ IGUARAN**,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court on Defendant Danfi Gonzalez Iguaran's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion") [ECF No. 141]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

**BACKGROUND**

Defendant is a 66-year-old[1] man incarcerated at the CI Reeves III correctional institution in Pecos, Texas, with a projected release date of July 26, 2028. On July 31, 2015, this Court sentenced Defendant to a 210-month term of imprisonment, including credit for time served from his original arrest date of July 17, 2013 in Colombia, a five-year term of supervised release, and a $100 special assessment, for conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).[2] [ECF

---

[1] At the time of filing the instant Motion, Defendant was 65 years old.
[2] On appeal, the United States Court of Appeals for the Eleventh Circuit vacated the judgment and remanded the action for the limited purpose of determining whether subject matter jurisdiction existed in this action. *United States v. Iguaran*, 821 F.3d 1335 (11th Cir. 2016) (per curiam). On remand, the Court found that subject matter jurisdiction existed in this action and reinstated the conviction and sentence. [ECF No. 92].

1

No. 59 at 1–3]. On November 9, 2020, Defendant applied to the Bureau of Prisons ("BOP") for early release under 18 U.S.C. § 3582 based on COVID-19; BOP denied his request. [ECF No. 141-1].

Defendant subsequently filed the instant Motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant alleges that extraordinary and compelling circumstances warrant his release because the recent COVID-19 pandemic, coupled with his age and health conditions, place him at a high risk of serious illness or death should he contract COVID-19. It is undisputed that Defendant's medical conditions include type II diabetes, vision loss, hypertension, and high cholesterol. [ECF Nos. 141-2 & 142 at 11].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the

community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant has satisfied § 3582(c)(1)(A)'s exhaust-or-wait requirement. *See* [ECF Nos. 141 at 7 & 142 at 10]. Accordingly, the Court must determine whether Defendant's compassionate release request has merit.

**I.     Section 3553(a) Factors and Danger to the Community**

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.* The Court must also determine whether Defendant poses "a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2). In so doing, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and

3

characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

The Court finds that Defendant is not a danger to the community and the § 3553(a) factors support Defendant's release. Defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). While the Court does not undermine the seriousness of Defendant's crime, it notes that it was a non-violent offense. Significantly, prior to this conviction, Defendant had no criminal history. *See* [ECF No. 57 at 7–8]. The Court also recognizes Defendant's commitment to rehabilitation during his eight years of incarceration: he earned his GED, completed course work on parenting and substance abuse, and has only had one disciplinary infraction. *See* [ECF Nos. 141-3 & 142-1]; *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (finding that the defendant's post-sentencing rehabilitation provides the "most up-to-date picture" of the defendant and evidence of the likelihood the defendant will or will not engage in future criminal conduct). Defendant has also satisfied his court-imposed financial obligations. *See* [ECF No. 141-3]. That Defendant, upon release, will be in the custody of the United States Immigration and Customs Enforcement for removal proceedings also favors release. *See United States v. Camacho-Duque*, No. 18-CR-80238, 2020 WL 5951340, at *6 (S.D. Fla. Oct. 5, 2020) (finding that the defendant's risk of recidivating is "perhaps non-existent" because she would be transferred to ICE custody).

Defendant has served almost 50% of his sentence. Requiring Defendant to serve the remaining years of his imprisonment while COVID-19 threatens his health would exceed the sentence necessary to "reflect the seriousness of the offense" and "promote a respect for the law . . . ." *See* § 3553(a)(2)(A). Rather, reducing Defendant's sentence to time served is "sufficient, but

4

not greater than necessary . . . ." 18 U.S.C. § 3553(a). Thus, the Court turns to whether Defendant presents extraordinary and compelling reasons for his release.

## II.     Extraordinary and Compelling Reasons

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> **(A) Medical Conditions of the Defendant.**
>
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 30, 2021). These conditions include type II diabetes and heart conditions, such as hypertension.[3] *Id.* And "[m]ore than 81% of COVID-19 deaths occur in people over age 65." *Id.*

---

[3] According to Defendant's medical records, Defendant's body mass index places him in the overweight category, [ECF No. 141-2]. Though not mentioned in the Motion, this is another high-risk factor outlined by the CDC. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html    (last visited Dec. 30, 2021).

The Court has reviewed the relevant reports and medical records and is fully advised as to Defendant's health status. It is undisputed that Defendant, a 66-year-old, suffers from high-risk conditions, including type II diabetes and hypertension. Courts have granted compassionate release requests based on COVID-19 for individuals under similar circumstances. *See United States v. Pitts*, No. 16-CR-20050, 2021 WL 796271, at *4 (S.D. Fla. Mar. 2, 2021) (collecting cases). The Government points out that Defendant is currently being treated for his medical conditions, *see* [ECF No. 142 at 11–12], but "that fact alone does not establish that Defendant is able to provide adequate self-care given the combination of Defendant's multiple CDC-confirmed COVID-19 risk factors and the considerable risk of infection" among those who are incarcerated during the pandemic. *Camacho-Duque*, 2020 WL 5951340, at *6 (finding defendant's hypertension, obesity, and diabetes diminished her ability to provide self-care while incarcerated during the pandemic). Defendant's age, coupled with his underlying medical conditions, increases his risk of severe illness or death from COVID-19. Accordingly, the Court finds that Defendant's medical conditions, in light of the current pandemic, are extraordinary and compelling reasons for his immediate release.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant Danfi Gonzalez Iguaran's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 141], is **GRANTED**.

2. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody, subject to any outstanding warrants or an immigration hold.

3. Defendant's sentence shall be amended to time served, effective the date of this Order.

4. Defendant's five-year term of supervised release shall begin upon his release.

5. Simultaneously herewith, the Court will enter an **AMENDED JUDGMENT** imposing a sentence of "time served" and converting the remaining term of incarceration into a five-year term of supervised release.

6. The special conditions of Defendant's supervised release, as detailed in his original Judgment, include: Surrendering to Immigration for Removal after Imprisonment.

7. Defendant shall be transferred to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, Defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while Defendant is residing outside the United States. If Defendant reenters the United States within the term of supervised release, Defendant is to report to the nearest U.S. Probation Office within 72 hours of Defendant's arrival.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE